**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AmSurg Holdings Incorporated, et al., <br> Plaintiffs, <br> v. <br> Divesh Anireddy, et al., <br> Defendants. | No. CV-17-04181-PHX-SMB <br> **AMENDED ORDER** |

The Court amends its previous order, (Doc. 225), granting Non-Party Amsurg L.L.C.'s ("AmSurg") motions to modify subpoenas. (Doc. 177, "Mot. 1"; Doc. 195, "Mot. 2".) Both Defendants and AmSurg filed responsive pleadings to each motion. (Doc. 183, "Resp. to Mot. 1; Doc. 185, "Reply to Mot. 1"; Doc. 200, "Resp. to Mot. 2"; Doc. 201, "Reply to Mot. 2.) The Court held oral argument on January 13, 2020. The Court's previous order cited a prior version of Federal Rule of Civil Procedure 26. Applying the current version, the Court reaffirms its earlier decision.

**I.  BACKGROUND**

Defendant ECY and Plaintiff AmSurg Holdings, Inc. ("AmSurg Holdings") entered into a joint venture in October 2005 to operate a surgery center in Yuma, Arizona called The Yuma AZ Endoscopy ASC, LLC ("Yuma Endo"). (Doc. 46 ¶¶ 15-16, "FAC".) Among other things, the complaint alleges Defendants—including certain Yuma Endo board members appointed by ECY—breached fiduciary duties to the joint venture to aid the

success of a newly established surgical center competing with Yuma Endo. (*See generally* FAC.) Plaintiff AmSurg Holdings' complaint survived Defendants' Motion for Summary Judgment, (Doc. 62), and discovery is ongoing. Plaintiff AmSurg Holdings is a wholly owned subsidiary of parent company and nonparty movant, AmSurg. (Mot. 2 at 1, n.1.)

The AmSurg motions at issue share a factual nexus and are similarly argued. Broadly, the motions concern four subpoenas issued by Defendants to compel the production of financial records for specific Bank of America accounts. (*See* Doc. 122, "*4969 Subpoena"; Doc. 154, "*6372 Subpoena"; Doc. 174, "*6380 Subpoena"; Doc. 189, "Unredacted Accounts Subpoena"). Defendants issued the second subpoena to Bank of America in April 2019, seeking Yuma Endo records from AmSurg's Account No. *6372.[1] (*See* *6372 Subpoena.) AmSurg describes Account No. *6372 as a "concentration account" held to benefit over 200 affiliated ambulatory surgery centers ("ASC's"), including Yuma Endo, in which Plaintiff AmSurg Holdings holds an interest. AmSurg consolidates each ASC's finances into this account every evening, apparently to reduce banking fees otherwise unavailable to an individual ASC. (Mot. 1 at 2-3; Mot. 1, Exh. A ¶ 4, "Page Decl.") AmSurg maintains they observe careful procedures—similar to those used for an attorney's trust account—to ensure accurate accounting for each ASC's finances. (Mot. 1 at 3; Reply to Mot. 2 at 2, n.1.) Upon receipt, Bank of America conveyed the *6372 Subpoena to AmSurg. Noting the subpoena sought records for account *6372 only as they related to Yuma Endo, AmSurg informed Bank of America that information relating to all ASC's other than Yuma Endo should be redacted. (Mot. 1, Exh. B ¶ 2, "Thompson Decl.") Bank of America allegedly then consulted with Defendants, who agreed with the need for redactions, provided Bank of America review their appropriateness.[2] (*Id.* ¶ 3.) AmSurg then reviewed the 300,000 pages of records associated with account *6372 and redacted

---

[1] The parties do not dispute the production of financial records related to Defendants first issued subpoena, (*4969 Subpoena). (*See* Doc. 195 at 1; Doc. 200 at 2.) AmSurg's first Motion concerns the second and third (*6372 Subpoena; *6380 Subpoena) subpoenas. (Mot. 1 at 3-4.) AmSurg's second Motion addresses the fourth subpoena for the unredacted records of both accounts *6372 and *6380. (Mot. 2 at 4.)

[2] Defendants deny agreeing to any redactions. The Court sees little reason to adjudicate a disagreement only collaterally related to the motions' central dispute.

all information not pertaining to Yuma Endo. (*Id.*) Following AmSurgs' redactions and Bank of America's subsequent review, Defendants received 10,500 pages of records for *6372. (*Id.* ¶ 4.)

Like the *6372 Subpoena, the third subpoena sought production of all records pertaining to Yuma Endo, but for a separate account—AmSurg L.L.C.'s Bank of America Account No. *6380.[3] (*6380 Subpoena.) Account *6380 functions similarly to *6372. As the "disbursement account" for the 200-plus AmSurg-affiliated ASC's, "[c]hecks, purchasing cards and ACH payments . . . are cut from this account." (Mot. 1 at 3.) Account *6380 is subject to the similarly "vigilant" accounting practices used for *6372. (*Id.*) The fourth subpoena seeks production of unredacted records from *6372 and *6380.

## II.  LEGAL STANDARD

Rule 45(d)(3)(A) permits a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv); *see also Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10409840, at *1 (D. Ariz. Nov. 6, 2017). It also permits a court to quash or modify a subpoena requiring disclosure of confidential commercial information "[t]o protect a person subject to or affected by [it]." Fed. R. Civ. P. 45(d)(3)(B)(i). Relatedly, Rule 26(c) requires that a court limit the extent of discovery, including that which is obtained by a subpoena, if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(c)(i), (iii). Rule 26(b)(1) in turn broadly permits "discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added).

"The mere 'relevance' standard, however, does not apply to non-parties." *R. Prasad Indus. v. Flat Iron Envtl. Solutions Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, *2 (D. Ariz. June 20, 2014) (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649

---
[3] The *6380 Subpoena also seeks production of records related to Yuma Endo's customer reference number. (*6380 Subpoena.)

F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted . . ., the 'necessary' restriction may be broader when a nonparty is the target of discovery.")). "To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *R. Prasad Indus.*, 2014 WL 2804276, *2.

### III. DISCUSSION

AmSurg redacted all information in account *6372 not pertaining to Yuma Endo, emphasizing such information is confidential and beyond the subpoenas' scope. It seeks modification to reflect that understanding. Defendants complain "the documents are so heavily redacted that the production has been rendered nearly worthless." (Thompson Decl. ¶ 5.) Instead, they seek unredacted disclosure of the complete records from accounts *6372 and *6380 regardless of connection to Yuma Endo. (Resp. to Mot. 2 at 4.) AmSurg wants to limit the subpoenas only to records related to Yuma Endo, or, alternatively, to tender copies of the records to a "mutually-agreeable, neutral third party qualified to perform an accounting of the accounts at issue." (Reply to Mot. 2 at 5.) The question for the Court is whether the financial records of entities unrelated to this dispute are relevant and override AmSurg's interest in nondisclosure.[4]

The Court weighs the relevance of the records sought against AmSurg's interest in nondisclosure. When considering a motion to quash, courts look to Rule 26 to define the permissible scope of discovery applicable to a Rule 45 subpoena. *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10409840, at *2 (D. Ariz. Nov. 6, 2017). Rule 26 allows parties to obtain discovery on any non-privileged matter relevant to a party's claims or defenses. Fed. R. Civ. P. 26(b)(1). But the relevance standard does not apply to nonparties. *R. Prasad Indus.*, 2014 WL 2804276, *2. Instead, a party's need for discovery must outweigh the non-parties' interest in non-disclosure. *Id.* As discussed below, Defendants to not meet this standard. The Court also finds modification of Defendants'

---

[4] Neither party to this case challenges AmSurg's standing. Given Defendants' failure to contest AmSurg's standing, the Court assumes without deciding that AmSurg has standing for purposes of this Order.

- 4 -

subpoenas proper because they fail to establish the information sought is relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The subpoenas for unredacted records is overbroad, unduly burdensome, and requests irrelevant information.

### a. Defendants Purported Need for Unredacted, Non-Party Records

Defendants argue disclosure of the unredacted records, including financial records of ASC's other than Yuma Endo in which AmSurg also holds an interest, is relevant to their claims and defenses. Specifically, Defendants contend their subpoenas for the unredacted records is required to identify: (1) all accounts where Yuma Endo funds were transferred; (2) the amount of Yuma Endo funds transferred; (3) whether Yuma Endo could finance necessary improvements from 2013-2018; (4) accounting inaccuracies and inconsistencies; and (5) the value of any benefit to AmSurg from unauthorized use of Yuma Endo funds. (Resp. to Mot. 2 at 11-12.)

As a starting point, the Court recognizes the request is overbroad. The subpoenas are unabashedly aimed at non-party records with no direct connection to this case. Further, the nonparty records are not relevant, much less necessary for Defendants' stated purposes.[5] That is, the identifications Defendants seek can be made with access to the redacted records from *6372 and *6380 that Defendants already possess. (*Cf.* Mot. 2 at 2 ("Redacted versions of these records . . . provide information necessary to make these determinations.")) Defendants do not adequately explain how the financial records of other ASC's or AmSurg generally—all non-parties to this matter—bear on calculating Yuma Endo's finances.[6]

---

[5] Defendants fail to show the unredacted records are necessary, much less relevant. Generally, Defendants seek to identify where and in what amounts Yuma Endo funds were held. Defendants already possess Yuma Endo's internal accounting records. The redacted records here include line items of Yuma Endo funds in the two accounts, transaction descriptions, customer reference numbers, and Bank reference numbers for the transaction and amount. (*See generally* Mot. 1, Exh. C.) AmSurg's proposed redactions only exclude records of ASC's *other than* those related to Yuma Endo. Seemingly, Defendants can identify all Yuma Endo transactions, calculate available funds on specific dates, and verify the accounting accuracy by cross-referencing the redacted bank records with Yuma Endo's internal accounting. Additionally, any unexplained deductions or accounting anomalies should be identifiable and may warrant future unredacted disclosure.

[6] In their Answer, Defendants make various claims concerning the misuse of Yuma Endo funds, including that AmSurg Holdings embezzled funds. (Doc. 68 at ¶¶ 57-58, 65, 79.) Defendants do not allege, however, that AmSurg Holdings misappropriated funds by

Defendants' argument concerning AmSurg's place in the "web of entities" associated with Plaintiff AmSurg Holdings is difficult to parse. (*See* Resp. to Mot. 2 at 7.) The contention that AmSurg Holdings is an "imposter" is central to Defendants counterclaims and defenses. (*See* Doc. 68 at ¶ 30.) They now claim nonparty movant AmSurg is an unknown "affiliate entity of AmSurg Holdings belonging to a "web of AmSurg-related entities . . . part of a complex structure of entities that formed and merged with each other, or with other entities, since the formation of Yuma Endo." (Resp. to Mot. 1 at 4.) AmSurg, however, clarifies repeatedly: "AmSurg . . . makes clear that it is the 100% owner of AmSurg Holdings." (Reply to Mot. 1 at 3; Reply to Mot. 2 at 4). Seemingly, Defendants ask the Court to make a tenuous inference that because AmSurg may be part of a large shell game of "imposter" entities, the discovery of funds with no relation to Yuma Endo in AmSurg-controlled accounts is merited. The Court will not order nonparty discovery of questionable relevance on such speculation.

Plaintiff's request for the unredacted records of a nonparty exceeds Rule 26's scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). Although Rule 26(b)(1) broadly permits discovery "regarding any nonprivileged matter," the requested information must nevertheless be "relevant to any party's claim or defense and proportional to the needs of the case." *Id.*; *see also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) ("It is well settled . . . that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." (footnote omitted)). Defendants do not explain how the records from ASC's *other than* Yuma Endo (and not owned by Plaintiff AmSurg Holdings) is relevant to their claims and defenses. Rather, at oral argument, Defendants' counsel argued his expert required the financial records of the 200-plus unrelated ASC's to conduct an accurate audit but offer no convincing explanation as to why an audit with redacted records only is inaccurate. Put otherwise, Defendants do not explain what an audit with unredacted records will reveal beyond that already discoverable. Defendants included

---

transferring them to any other ASC whose funds are also held in accounts *6372 and *6380 or to AmSurg. Again, even the redacted records should allow Defendants to identify discrepancies in the transfer of funds in and out of the two accounts.

- 6 -

no expert affidavit in support nor pointed to any specific information absent from AmSurg's redacted disclosure was required. Although Defendants' burden for requesting discovery is "low," they still "must meet a threshold of relevance that is beyond mere speculation that the requested information might be useful." *See Feulufai v. Pac. Princess P'ship Ltd.*, 2:07-cv-00808-JCM-RJJ, 2009 WL 10692824, at *2 (D. Nev. Sept. 10, 2009).

Given the financial information's questionable relevance and tenuous relationship to Yuma Endo, justifying its disclosure is difficult. AmSurg's nonparty status additionally favors granting its motions. The records at issue are held in a nonparty's account for nonparty ASCs not implicated by Defendants' claims and defenses. Disclosure of nonparty financial records merits a heightened review. *See Dart Indus. Co.*, 649 F.2d at 649 ("[M]ore appropriate nomenclature is 'nonparty' discovery, not 'third-party' discovery, as 'the word nonparty serves as a constant reminder of the reasons for the limitations that characterize third-party discovery.'") (internal citation and quotation marks omitted). The financial records of over 200 ASC's held in the same account as Yuma Endo's funds is only relevant insofar as the Court indulges in assumptions Defendants themselves do not expressly make.[7] *See supra* n.6; *see also Feulufai*, 2009 WL 10692824, at *2.

Lastly, the Court recognizes that compelling Bank of America to furnish irrelevant information outside the scope of the instant controversy is unduly burdensome and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

### b. Nonparty AmSurg's Interest in Nondisclosure

That said, AmSurg's interest in nondisclosure is not clear. Although the court assumes, without deciding, AmSurg has standing, it cannot assign a speculative value to their privacy interest in non-disclosure. As bank records "are the business records of the bank," a privacy interest in a party's bank records cannot be presumed. *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980); *Cf. United States v. Miller*, 425 U.S. 435, 442 (1976) (holding that a bank customer has no "legitimate

---

[7] Defendants argue the Protective Order in place in this action, (Doc. 36), sufficiently obviates AmSurg's confidentiality concerns. Protective Order or not, the Court will not require production of irrelevant confidential records relating to a nonparty. *See Erhard v. BofI Holding, Inc.*, 2019 WL 5994417, at *7 (S.D. Cal. Nov. 15, 2018).

expectation of privacy" in the contents of checks, deposit slips, and other banking documents) (internal quotation marks and citation omitted). Standing does not automatically establish the existence of a threatened personal privilege required. *U.S. v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007). Rule 45(c)(3) directs a court to quash or modify a subpoena if, among other factors, it "requires disclosure of privileged or other protected matter" including "disclosure of a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(B)(3). AmSurg offers little to explain the confidential nature of the records at issue. *See DIRECTV, Inc. v. Richards*, No. Civ. 03-5606(GEB), 2005 WL 1514187, at *4 (D.N.J. June, 27, 2005) (determining a party must offer more than "vague legal conclusions and speculation" about a claimed privacy interest in denying a motion to quash a subpoena).

### IV. CONCLUSION

Ultimately, Defendants' failure to demonstrate the relevance of nonparty ASC's financial records to the current dispute obviates this question. Given that failure, Defendants' need for discovery of irrelevant records does not merit the unredacted disclosure they seek, falls short of outweighing AmSurg's baseline interest in nondisclosure, and unduly burdens Bank of America.[8] *See Prasad Indus.*, 2014 WL 2804276, *2.

Accordingly,

**IT IS ORDERED** GRANTING Non-Party AmSurg LLC Motions to Modify Subpoenas Directed to Bank of America. (Doc. 177; Doc. 195.)

---

[8] Defendants' counsel showed little interest in entertaining AmSurg's proffer of a mutually-agreeable, third-party expert to ensure the redactions are warranted and discovery is not "used for a fishing expedition to investigate mere speculation." *Mullally v. Havasu Landing Casino*, No. EDCV 07-16260-VAP (DTB), 2012 WL 13013031, at *1 (C.D. Cal. June 21, 2012); *see also Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996); (Mot. 1 at 6; Mot. 2. at 7.)

**IT IS FURTHER ORDERED** GRANTING Non-Party AmSurg LLC's Motion to File Exhibit Under Seal, (Doc. 175). The Clerk of Court is directed to file Exhibit C of Doc. 177 under seal.

Dated this 7th day of April, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge